I concur in Justice Cook's opinion. However, I believe one topic of that opinion merits additional explanation. The opinion notes that in non-opt-out class actions "the circuit courts of this state, like their federal counterparts, possess the equitable power inherent in class actions — without regard to § 6-5-440 — to enjoin the prosecution of any action that would tend to interfere with the exercise of jurisdiction over the class actions before them." 715 So.2d at 218 (emphasis original). The opinion later explains that "the stay or abatement of individual actions competing with the class action is not to be triggered by any rigid or automatic rule, but, instead, is to be based upon a reasoned balance of the equities in each particular case." 715 So.2d at 219 (emphasis original). I believe that when a trial court has certified a non-opt-out class action and is considering whether to abate a competing, prior-filed individual action, that court must give great weight to the time and energy that have been spent in the competing individual action. Thus, where the prior-filed individual action has moved beyond the initial stages of litigation and has been vigorously prosecuted by the plaintiff, the individual action should rarely be abated.